# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br> Plaintiff,<br><br>v.<br><br>Cloudera, Inc.,<br><br> Defendant. | Civil Action No. 1:23-cv-1205-RP<br><br>Jury Trial Demanded |

## AGREED SCHEDULING ORDER

This is a patent infringement action. *See* Dkt. 1. Here, the parties have utilized the Court's "Scheduling Recommendations" form and supplemented it with the patent claim construction deadlines reflected in **Attachment A** hereto.

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **November 8, 2024.**

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **14 days before the alternative dispute resolution hearing**, and each opposing party shall respond, in writing, on or before **7 days before the alternative dispute hearing**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **March 5, 2024**.

4. The parties shall file all motions to amend or supplement pleadings or to join

additional parties on or before **May 7, 2024.**

5. All parties shall file their designation of testifying experts and make initial expert witness disclosures required by Rule 26 on the issues for which each bears the burden of proof as set forth in **Attachment A**. Thereafter, all parties shall make rebuttal expert witness disclosures required by Rule 26 on the issues for which the opposing party bears the burden of proof as set forth in **Attachment A**.

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

7. The parties shall complete all discovery **as set forth in Attachment A.**

8. All dispositive motions shall be filed on or before **30-days after the close of expert discovery as set forth in Attachment A** and shall be limited to 25 pages in the aggregate. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 25 pages in the aggregate. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 15 pages in the aggregate, but the Court need not wait for the reply before ruling on the motion.

9. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10. This case is set for _____ trial commencing at 9:30 a.m. on _____, 20_____. **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 20_____.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dated: February 13, 2024 | Respectfully submitted, |
| /s/ Edward R. Nelson III | /s/ Daniel C. Tucker |
| Edward R. Nelson III | Paige Arnette Amstutz |
| State Bar No. 00797142 | Texas State Bar No. 00796136 |
| Brent N. Bumgardner | SCOTT DOUGLASS & MCCONNICO LLP |
| State Bar No. 00795272 | 303 Colorado Street, Suite 2400 |
| Christopher G. Granaghan | Austin, TX 78701 |
| State Bar No. 24078585 | Telephone: (512) 495-6300 |
| John P. Murphy | Facsimile: (512) 495-6399 |
| State Bar No. 24056024 | pamstutz@scottdoug.com |
| Carder W. Brooks | Jeffery A. Berkowitz (pro hac vice) |
| State Bar No. 24105536 | Daniel C. Tucker (pro hac vice) |
| NELSON BUMGARDNER CONROY PC | Alexander M. Boyer (pro hac vice) |
| 3131 West 7th Street, Suite 300 | Taylor L. Stark (pro hac vice) |
| Fort Worth, Texas 76107 | FINNEGAN, HENDERSON, FARABOW, |
| 817.377.9111 | GARRETT & DUNNER, LLP |
| ed@nelbum.com | 1875 Explorer Street, Suite 800 |
| brent@nelbum.com | Reston, VA 20190-6023 |
| chris@nelbum.com | Tel: (571) 203-2700 |
| murphy@nelbum.com | Fax: (202) 408-4400 |
| carder@nelbum.com | jeffery.berkowitz@finnegan.com |
| | daniel.tucker@finnegan.com |
| **COUNSEL FOR PLAINTIFF** | alexander.boyer@finnegan.com |
| **R2 SOLUTIONS LLC** | taylor.stark@finnegan.com |
| | **COUNSEL FOR DEFENDANT** |
| | **CLOUDERA, INC.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all parties of record on February 13, 2024 via the Court's CM/ECF system.

/s/ Edward R. Nelson III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiff conferred with counsel for Defendant in the preparation of this Agreed Scheduling Order.

/s/ Edward R. Nelson III

# ATTACHMENT A

| Date | Event |
|---|---|
| February 13, 2024 | Proposed Scheduling Order Due (See LR 16(c)) |
| February 27, 2024 | Rule 26(a)(1) Initial Disclosures Due |
| March 12, 2024 | Plaintiff Serves Preliminary[1] Infringement Contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| April 16, 2024 | Fact Discovery opens for written discovery and claim construction depositions only. |
| April 30, 2024 | Defendant serves Preliminary Invalidity Contentions in the form of (1) charts setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents and source code sufficient to show the operation of the accused product(s). |
| May 28, 2024 | Parties exchange claim terms for construction. |
| June 11, 2024 | Parties exchange proposed claim constructions and extrinsic evidence supporting the same. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

|  | respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
|---|---|
| June 19, 2024 | Joint Claim Construction and Prehearing Statement to be filed. |
| July 2, 2024 | Defendant files Opening Claim Construction Brief, including any arguments that any claim terms are indefinite. |
| July 23, 2024 | Plaintiff files Responsive Claim Construction Brief. |
| August 6, 2024 | Defendant files Reply Claim Construction Brief. |
| August 20, 2024 | Plaintiff files a Sur-Reply Claim Construction Brief |
| August 20, 2024 | Fact Discovery Opens for all depositions. |
| December 13, 2024 | Fact discovery ends. |
| TBD | Claim Construction Hearing. Set at the Court's convenience. |
| TBD | If at the time the Court issues its claim construction ruling, there are fewer than thirty (30) days left for fact discovery, the parties shall have an additional forty-five (45) days in which to take discovery after the Court files and serves its claim construction ruling. |
| TBD | No later than thirty (30) days after (1) the normal close of regular fact discovery, or (2) the close of discovery after claim construction, whichever is later, each party shall make its initial expert witness disclosures required by Rule 26 on the issues for which each bears the burden of proof (i.e. first round of disclosures). |
| TBD | No later than thirty (30) days after the first round of disclosures, each party shall make its rebuttal expert witness disclosures required by Rule 26 on the issues for which the opposing party bears the burden of proof (i.e. second round of disclosures). |
| TBD | Depositions of disclosed expert witnesses shall commence within seven (7) days of the deadline service of rebuttal reports and shall be completed within thirty (30) days after commencement of the deposition period. |