IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| R2 SOLUTIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1205-RP |
| | § | |
| CLOUDERA, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Cloudera, Inc.'s ("Cloudera") opposed motion to stay pending *inter partes* review. (Dkt. 22). Plaintiff R2 Solutions LLC ("R2") filed a response in opposition, (Dkt. 25), and Cloudera filed a reply, (Dkt. 26). Having considered the parties' arguments, the Court will grant the motion to stay the case.

R2 filed its complaint on October 5, 2023, alleging infringement by Cloudera of U.S. Patent No. 8,190,610 ("'610 patent"). (Compl., Dkt. 1). On December 18, 2023, Cloudera filed a petition with the Patent Trial and Appeal Board ("PTAB") for *inter partes* review of all claims of the '610 patent. (Mot., Dkt. 22, at 1; Petition, Dkt. 22-1). Cloudera moves to stay all proceedings in this case pending resolution of these proceedings before the PTAB. District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

Cloudera asserts that (1) a stay has a substantial likelihood of simplifying the issues, as the *inter partes* petition includes every patent claim at issue in the present case; (2) a stay will not unduly

1

prejudice R2 because the two parties do not compete, R2 seeks only monetary damages, R2 delayed in filing this case, and the stay would only cause a short delay in the case; and (3) this case is in its early stages, as discovery has not begun and the Court has not yet entered a scheduling order. (Mot., Dkt. 22, at 3–7). R2 responds that (1) there is no evidence a stay will simplify the issues as the PTAB has not yet instituted an *inter partes* review and, according to R2, Cloudera's petition is unlikely to be successful; (2) a stay will unduly prejudice R2 because a delay of the proceedings for even a few months is at odds with R2's interest in the timely enforcement of its patent rights and may diminish its access to witnesses and other evidence; and (3) the early status of this litigation does not alone justify a stay because the parties have started negotiating a litigation schedule and it is possible that a trial could occur before the PTAB issues a final decision on the *inter partes* petition. (Resp., Dkt. 25, at 2–9).

The Court finds that the factors weigh in favor of granting a stay. Should the PTAB decide to engage in *inter partes* review, the issues in this case could be greatly simplified, given that the PTAB could find that all or some of the claims of the '610 patent, the sole patent asserted in this case, are unpatentable. However, even if the Board decides not to engage in review, the case will only have been stayed a matter of months and proceedings can begin again at that time. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, Dkt. 53 (W.D. Tex. July 13, 2022).

Second, this case is at an early stage of litigation, as the Court has not entered a scheduling order in this case and neither discovery nor claim construction has begun. Therefore, this early stage of litigation favors a stay. *See, e.g., Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the

parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

Finally, the Court finds that—should the PTAB decide not to initiate *inter partes* review—a short stay of the proceedings will not unduly prejudice R2. Because R2 does not produce products on its patents nor does it compete with Cloudera, a stay will not unduly prejudice R2's interests. *See Bell Semiconductor*, 2022 WL 1447948, at *2. To the contrary, this Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. Further, vague assertions about the loss of evidence and witnesses "are not sufficient to justify a conclusion of undue prejudice." *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). In the alternative, should the PTAB decide to initiate *inter partes* review and "some of the asserted claims survive that review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018).

For these reasons, **IT IS ORDERED** that Cloudera's opposed motion to stay pending *inter partes* review, (Dkt. 22), is **GRANTED**. This action is **STAYED** pending further order.

**IT IS FURTHER ORDERED** that the parties shall file quarterly status reports apprising the Court of the status of the *inter partes* review, with the first status report due on or before **May 15, 2024**.

**SIGNED** on February 15, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE